IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MICHAEL MAHAFFEY and )
PAULA MAHAFFEY, )
                     )
                     )      C.A. No. K21C-06-039 NEP
         Plaintiffs, )
                     )
     v. )
                     )
                     )
BAYHEALTH MEDICAL CENTER, INC., )
and LOUIS E. COSTA, D.O., )
                     )
         Defendants. )

## <u>ORDER</u>

Submitted: July 28, 2021
Decided: July 30, 2021

### *Upon Review of the Affidavit of Merit*
**ACCEPTED**

1.     This matter involves a healthcare negligence suit filed by Plaintiffs Michael Mahaffey and Paula Mahaffey ("Plaintiffs") against Bayhealth Medical Center, Inc. ("Bayhealth") and Louis E. Costa, D.O. ("Dr. Costa," and together with Bayhealth, "Defendants"). Bayhealth and Dr. Costa have each submitted a motion asking the Court to review the affidavit of merit filed in this case to determine whether it satisfies 18 *Del. C.* § 6853(a)(1) and (c). The Court has considered the two motions together in the interest of judicial economy.

2.     Plaintiffs filed their Complaint on June 25, 2021, alleging medical negligence by Bayhealth and by Dr. Costa. The Complaint also asserts a claim against Defendants for loss of consortium and a separate *respondeat superior* claim against Bayhealth for the conduct of Dr. Costa.

3. In Delaware, a healthcare negligence lawsuit must be filed with an affidavit of merit as to each defendant, signed by an expert, and accompanied by the expert's current *curriculum vitae*.[1] The expert must be licensed to practice medicine as of the affidavit's date, engaged in such practice in the same or similar field as the defendant in the three years immediately preceding the alleged negligence, and Board certified in the same or similar field as the defendant if the defendant is Board certified.[2] The affidavit must also state that reasonable grounds exist to believe that the applicable standard of care was breached by the defendant and that the breach was a proximate cause of injury alleged in the complaint.[3] Additionally, the affidavit must be filed under seal and, upon request, may be reviewed *in camera* to ensure compliance with statutory requirements.[4] The affidavit's requirements are "purposefully minimal."[5] Affidavits that merely track the statutory language are deemed sufficient.[6]

4. With regard to the affidavit of merit that was filed along with the Complaint, the Court has performed an *in camera* review.

---

[1] 18 *Del. C.* § 6853(a)(1).

[2] *Id.* § 6853(c). Of course, these requirements apply only if the expert is a physician, and the requirements regarding "same or similar field" apply only if the defendant is a physician. *McNulty v. Correct Care Solutions, LLC*, 2017 WL 1323711, at *2 (Del. Super. Apr. 7, 2017) (requirement of "same or similar" Board certification does not apply where defendant is not a physician); *accord Zappaterrini v. St. Francis Hosp., Inc.*, 2009 WL 1101618, at *1 (Del. Super. Apr. 22, 2019) ("[B]ecause the defendant is not a physician, the statutory requirement of similar Board certification is not applicable."). Here, Plaintiff alleges negligence against Bayhealth based on agency principles. Thus, while the statutory requirements of "same or similar field" are applicable with respect to Dr. Costa, they are not applicable with respect to Bayhealth because it is not a physician.

[3] 18 *Del. C.* § 6853(c).

[4] *Id.* § 6853(d).

[5] *Mammarella v. Evantash*, 93 A.3d 629, 637 (Del. 2014) (quoting *Dishmon v. Fucci*, 32 A.3d 338, 342 (Del. 2011)).

[6] *Dishmon*, 32 A.3d at 342-43.

5. Turning to the expert in question, the Court finds as follows:

   a. The expert signed the affidavit.

   b. The current *curriculum vitae* of the expert is attached.

   c. The expert was licensed to practice medicine as of the date of the affidavit.

   d. For the three years immediately preceding the alleged negligent conduct, the expert was engaged in the treatment of patients in the same or similar field as Dr. Costa and performed surgical procedures and provided post-operative care such as the procedures and care rendered by Dr. Costa to Plaintiff Michael Mahaffey, and the expert is Board certified by the American Board of Surgery in a similar field to that of Dr. Costa.

   e. The affidavit states that there are reasonable grounds to believe that the applicable standard of care was breached by Defendants and that those breaches were a proximate cause of Mr. Mahaffey's injuries.

**WHEREFORE**, in consideration of the above, the Court finds that the affidavit of merit filed with the Court on June 25, 2021, complies with 18 *Del. C.* § 6853(a)(1) and (c) as to both Bayhealth and Dr. Costa.

**IT IS SO ORDERED.**

/s/ Noel Eason Primos
Judge

NEP/wjs
via File & ServeXpress
oc: Prothonotary
     Counsel of Record